```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CAROLYN HENRY, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 11-2469 (JBS/KMW) |
| v. | |
| STATE OF NEW JERSEY, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE,** District Judge:

    This matter is before the Court on the motions to dismiss of several Defendants. Specifically the Court considers the motions by (1) Defendant Steven J. Petersen [Docket Item 5]; (2) Defendant John Oros (incorrectly pled as "Orsin") [Docket Item 11]; (3) Defendants State of New Jersey, D.Y.F.S., Attorney General Paula T. Dow, and Deputy Attorney General Sharon L. Piccioni [Docket Item 14]; (4) and Defendants the Honorable Nancy S. Famular, J.S.C., the Honorable Deborah Silverman-Katz, J.S.C., and Donald Jackson [Docket Item 16].[1] The Court finds as follows:

    1. On April 29, 2011, Plaintiff Carolyn Henry filed the Complaint in this matter, which was written without the assistance of a lawyer. [Docket Item 1.] Plaintiff's Complaint

---

[1] Plaintiff submitted a response only to Defendant Peterson's motion [Docket Item 8] which does not address the movant's arguments and appears to complain about the processing of her case. No other opposition to the remaining motions has been filed by Plaintiff.

is difficult to decipher, but she appears to allege a conspiracy among all Defendants to deprive Plaintiff of her constitutional rights, in particular her due-process rights as a parent, resulting in the termination of her parental rights in a Superior Court of New Jersey child abuse and neglect civil action.  Compl. 1-4 & Ex. 1.  Ms. Henry alleges that her child was taken from her in one of several state court actions, and alleges that the result was in error and should not have happened.

    2.  The moving Defendants have all moved to dismiss the action for lack of subject matter jurisdiction; specifically, all moving Defendants except for Defendant Petersen have argued that the Court lacks subject matter jurisdiction under the U.S. Supreme Court's <u>Rooker-Feldman</u> doctrine.  The gist of this doctrine is that a federal district court such as this one is not empowered under the United States Constitution to review a final decision of a state court.  If a party like Plaintiff Carolyn Henry feels that a state court decision was incorrectly decided, the proper response is to appeal that decision to the appropriate state appellate court; the federal district court cannot provide any relief in such a case.  This doctrine is explained in greater detail in the case of <u>Parkview Associates Partnership v. City of Lebanon</u>, 225 F.3d 321, 324 (3d Cir. 2000).

    3.  The Court finds that Ms. Henry's Complaint is precluded under the <u>Rooker-Feldman</u> doctrine because, based upon the Court's

best effort at understanding the Complaint, Ms. Henry's state court custody dispute was "actually litigated" in state court and her claims for relief in this Court are "inextricably intertwined" with that underlying state court adjudication.  See ITT Corp. v. Intelnet Int'l Corp., 366 F.3d 205, 210 (3d Cir. 2004).  Plaintiff describes the relief she seeks as "Justice for my son and to be given back to me" and that she seeks "to be heard" which she believes was not done in the state court proceedings. Compl. at 2.  In order to grant this relief, the Court would be required to determine that a state court's decision was wrong, or to void a state court's ruling.  This is precisely what this federal court is prohibited from doing under the Rooker-Feldman doctrine.  ITT Corp. at 211.

4.  Subject matter jurisdiction is also lacking as to Defendant Steven J. Peterson, an attorney in private practice whom Plaintiff accuses of violating her rights.  To the extent Plaintiff may be accusing Defendant Peterson of malpractice, such a claim cannot be heard in this Court because there is no diversity of citizenship -- Plaintiff and Defendant Peterson are both citizens of New Jersey and the required diversity under 28 U.S.C. § 1332 is absent.  To the extent Plaintiff claims Defendant Peterson violated her rights to due process or equal protection, he is clearly a private attorney and not a state actor as required by the Civil Rights Act, 42 U.S.C. §§ 1983,

3

1985.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that even a public defender does not act under color of state law for purposes of the Civil Rights Act when functioning as counsel to a defendant); Winters v. Devecka, 130 F. App'x 612, 613 (3d Cir. 2005) (holding that a private attorney representing the accused in a criminal case does not act under color of state law for purposes of the Civil Rights Act).  This result does not change when the Plaintiff accuses the attorney of conspiring with state actors where, as in the present case, the conclusory label of a "conspiracy" is not backed by any allegations of the grounds for such an allegation.  Reardon v. Reardon, 1988 WL 134699, Civ. No. 87-3605 at *4-5 (D.N.J. Dec. 13, 1988).  Accordingly Defendant Peterson's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) will be granted.

    5.  Consequently, the Court finds that it lacks subject matter jurisdiction to hear Plaintiff's Complaint, and must grant Defendants' motions to dismiss the action.  The Court expresses no opinion on the merits, if any, of Plaintiff's allegations because it lacks jurisdiction over the subject matter of her Complaint.

The accompanying Order shall be entered.

**November 30, 2011**                         **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                              United States District Judge